IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOYLE WAYNE BINGHAM, #126074982, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:20-CV-1869-S-BK |
| ADAM KING, JOHNSON COUNTY SHERIFF, RESPONDENT. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Doyle Wayne Bingham's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

Bingham, a state pretrial detainee confined in the Johnson County Jail, seeks reduction of his bond. Doc. 6 at 5-6 (amended petition). He is awaiting trial on multiple criminal charges in the 413th District Court of Johnson County. Doc. 6 at 3; *State v. Bingham*, Nos. DC-F201900812, DC-F201900813, DC-F201900814 (413th Judicial Dist. Court, Johnson Cty.). Bingham asserts that (1) his bail is "unattainable or reachable, (2) it amounts to "cruel and

---

[1] This action was transferred from the Fort Worth Division because (1) Bingham was recently release from the Parker County jail to the Johnson County jail and (2) his petition was initially filed in the Dallas Division. Doc. 24.

unusual punishment," and (3) his counsel is unreliable. Doc. 6 at 5-6. Online records confirm that Bingham's motion to reconsider his motion to reduce bond was denied on May 12, 2020.[2]

Upon review, the Court now finds that Bingham has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.

**II. ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[3]

In light of his *pro se* status, the Court liberally construes Bingham's petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v.*

---

[2] The online docket sheets for Case Nos. DC-F201900812, DC-F201900813, DC-F201900814 are available at https://pa.johnsoncountytx.org/PublicAccess/Search.aspx?ID=100 (last accessed July 17, 2020).
[3] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts renders the 2254 Rules applicable to habeas petitions not covered by section 2254.

*Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available ... remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted.  *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08 (West 2020).  If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals.  *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Bingham has not satisfied the exhaustion requirement.  A review of his petition confirms that he did not file an Article 11.08 state habeas application requesting a bond reduction.  Doc. 6 at 2 (stating only that the trial judge denied his motion).  Further, a search of online records shows no Article 11.08 state habeas application or appeal filed,[4] demonstrating that the Texas Court of Criminal Appeals has not had an opportunity to consider Bingham's request for bond reduction and, consequently, his claims remain unexhausted.

---

[4] The Texas Court of Criminal Appeals and Texas Tenth District Court of Appeals docket sheets are available at https://www.txcourts.gov/cca and https://www.txcourts.gov/10thcoa/ (last accessed July 17, 2020).

### III. CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on July 24, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).